IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Criminal case No. 10-cr-00324-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**3.  RUBEN FAVELA ORTEGA**,

    Defendant.

---

# ORDER

---

THIS MATTER is before the Court on defendant, Ruben Favela Ortega's, Motion To Dismiss And Request For Prompt Hearing Thereon [ECF No. 322] and Motion To Dismiss:  Violation Of The Speedy Trial Act And Request For Prompt Hearing Thereon [ECF No. 332].

On March 4, 2014, I held a hearing on Favela-Ortega's motions [ECF Nos. 322 & 322] and heard arguments from the Government and Favela Ortega.  For the reasons I stated on the record at the Motions Hearing, I find that Favela Ortega's right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, has been violated because more than 70 days, not counting applicable excludable periods, have expired since the Government filed the Indictment [ECF No. 30] against Favela Ortega.  As such, it is necessary to determine whether the Indictment [ECF No. 30] should be dismissed with or without prejudice.  I took

that decision under advisement at the Motions Hearing. After careful consideration of the case file and the parties' arguments, I find that the Indictment [ECF No. 30] should be dismissed without prejudice.

## ANALYSIS

**A.  Dismissal of an Indictment Upon a Speedy Trial Act Violation**

Pursuant to 18 U.S.C. § 3162(a)(2):

> If a defendant is not brought to trial within the time limit required by section 3161(c) [18 USCS § 3161(c)] as extended by section 3161(h) [18 USCS § 3161(h)], ***the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion*** but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3) [18 USCS § 3161(h)(3)]. ***In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter [18 USCS §§ 3161 et seq.] and on the administration of justice***. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

(emphasis added). If a Speedy Trial Act violation occurs, a district court "may, in the sound exercise of its discretion, dismiss the charges without prejudice." *United States v. Rushin*, 642 F.3d 1299, 1304 (10th Cir. 2011). "A violation of the speedy trial requirement, by itself, is not a sufficient basis for dismissal with prejudice." *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006) (citing *United States v. Cano-Silva*, 402 F.3d 1031, 1035 (10th Cir. 2005)). The

United States Court of Appeals for the Tenth Circuit has stated that:

> The fact that a violation has taken place is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be reserved for more egregious violations. Dismissal with prejudice is a strong message indeed, and one ill-suited to an isolated and inadvertent violation.

*Cano-Silva*, 402 F.3d at 1035. "Absent a showing of appreciable prejudice to the defendant, a district court generally should dismiss serious charges without prejudice under § 3162(a)(2) unless the delay is extended and attributable to 'intentional dilatory conduct, or a pattern of neglect on the part of the Government.'" *Rushin*, 642 F.3d at 1304 (quoting *United States v. Saltzman*, 984 F.2d 1087, 1093 (10th Cir. 1993)).

Upon review of the parties' arguments and the § 3162(a)(2) factors, I find that Favela Ortega has failed to convince me that dismissal of the Indictment [ECF No. 30] with prejudice is warranted. I find that the seriousness of the alleged offense, the facts and circumstances which led to the Speedy Trial Act violation, and the lack of appreciable prejudice to the Favela Ortega require dismissal of the Indictment [ECF No. 30] without prejudice. In addition, I also find that Favela Ortega and his co-defendants were responsible for the majority of delay in this case due to the filing of numerous pre-trial motions. Defendants cannot unilaterally cause delay then claim that such delay has prejudiced them and warrants dismissal of an Indictment with prejudice. For these reasons, the Indictment [ECF No. 30] is dismissed without prejudice as to Favela Ortega.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Favela Ortega's Motion To Dismiss:  Violation Of The Speedy Trial Act And Request For Prompt Hearing Thereon [ECF No. 332] is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** in that I find that Favela Ortega's right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, has been violated because more than 70 days, not counting applicable excludable periods, have expired since the Government filed the Indictment [ECF No. 30] against Favela Ortega.  The motion is **DENIED** to the extent that Favela Ortega requests that I dismiss the Indictment [ECF No. 30] with prejudice.  As such, it is

FURTHER ORDERED that the Indictment [ECF No. 30] is **DISMISSED WITHOUT PREJUDICE** as to Favela Ortega.  It is

FURTHER ORDERED that Favela Ortega's Motion To Dismiss And Request For Prompt Hearing Thereon [ECF No. 322] is **DENIED AS MOOT**.

Dated:  March 14, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge